# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JACK WAULK,

      Petitioner,

    v.                          **CASE NO. 2:05-cv-674**

                                   **JUDGE GRAHAM**

STATE OF OHIO,               **MAGISTRATE JUDGE KEMP**

      Respondent.

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's Return of Writ, petitioner's traverse, petitioner's statements in support of the petition (Doc. Nos. 10, 11, 12, and 15), petitioner's supplemental response, and the exhibits of the parties.  Petitioner's motions for leave to file a supplemental response and supplemental facts in support of his petition, Doc. Nos.11 and 15, are **GRANTED**.  Petitioner's request for the appointment of counsel, Doc. No. 8, is **DENIED**.

For the reasons that follow, petitioner's requests for release from custody, expungement of his record, and monetary damages, Doc. Nos. 13, 14 and 16 are **DENIED;** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## I.  REQUEST FOR RELEASE

Petitioner requests that the Court grant his "immediate release." *See Motion for Emergency Injunction*, Doc. No. 16; *Motion for Order to Compel*, Doc. No. 15.

"A grant of bail is discretionary with the district court, and an appellate court reviews such

habeas bail decisions only for an abuse of discretion." *Morgan v. United States*, 25 F.3d 1049, unpublished, 1994 WL 182141 (6th Cir. May 11, 1994), citing *Landano v. Rafferty,* 970 F.2d 1230, 1238 (3d Cir. 1992).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); *see Martin v. Solem,* 801 F.2d at 329-330; *Iuteri v. Nardoza,* 662 F.2d at 161. There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

> Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case.

*Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). "'Merely to find that there is a substantial question is far from enough." *Id*., quoting *Glynn v. Donnelly,* 470 F.2d 95, 98 (1st Cir.1972).

> Habeas petitioners are rarely granted release on bail pending disposition or pending appeal. *See Johnston v. Marsh*, 227 F.2d 528, 529 (3d Cir.1955) (medical emergency); *cf. Boyer v. City of Orlando*, 402 F.2d 966, 967-68 (5th Cir.1968) (extraordinary attempt to accommodate exhaustion of available state remedies with petitioner's clearly meritorious constitutional claim).

*Martin v. Solem*, 801 F.2d 324, 329 (6th Cir. 1986).  Petitioner has failed to meet this standard here.

Petitioner's request for immediate release is **DENIED.**

## II. REQUEST FOR MONETARY DAMAGES

Petitioner seeks monetary damages due to his allegedly illegal incarceration.  *See Traverse; Motion for Emergency Injunction*, Doc. No. 16; *Motion for Order to Compel*, Doc. No. 15; Doc. No.

14.

> [T]he essence of habeas corpus is an attack by a person in custody
> upon the legality of that custody, and that the traditional function of
> the writ is to secure release from illegal custody.

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A request for monetary damages would

appropriately be brought under 42 U.S.C. §1983, but only if this or another court determines that

his incarceration or conviction were unlawful. *See Heck v. Humphrey*, 512 U.S. 477 (1995). That

has not occurred. For these reasons, petitioner's request for damages is **DENIED**.

### III.  FACTS and PROCEDURAL HISTORY

This case involves the following facts, as summarized by the Fourth District Court of

Appeals:

> On September 18, 1999, a self-described "drinking crew" of Bernie
> Rossiter, Margo Imler, Keith Arthur, and appellant gathered at Bernie
> Rossiter's house-trailer to drink beer and to listen to music. [FN1]
> The group apparently drank alcohol throughout the day. By nightfall,
> the group was so inebriated that they slept at the house-trailer and
> Margo Imler spent the night on a couch next to Keith Arthur.
>
> FN1. Bernie Rossiter and Margo Imler are half-brother and half-
> sister. Keith Arthur apparently lived with Bernie Rossiter. The
> relationship between appellant and Margo Imler is less clear. Margo
> describes the relationship as "drinking buddies," whereas appellant
> said they were "best buddies" and that she was also his "girlfriend on
> the side."
>
> During the night, Margo got up to use the bathroom and she noticed
> blood on her arm. When she returned to the living room she saw
> Keith Arthur lying on the floor. Margo and Bernie Rossiter tried
> unsuccessfully to rouse Arthur. Subsequently, they called EMTs who
> arrived and found that Arthur had no heartbeat. The coroner later
> concluded that Arthur died from "blunt force trauma" to the head.
> Appellant fled the area, but was eventually captured near Harrisburg,
> Pennsylvania, and returned to Ohio.

On October 8, 1999, the Ross County Grand Jury returned an indictment charging appellant with murder in violation of R.C. 2903.02. A second indictment was handed down on March 9, 2001 charging him with another count of murder. [FN2] Appellant pled not guilty and the matter eventually came on for jury trial over four days in October, 2001.

FN2. The first indictment alleged that appellant purposely caused the death of Keith Arthur. The second indictment alleged that appellant caused Arthur's death as a result of committing the crime of felonious assault.

At trial, no question existed that appellant struck the victim after an argument they had in the middle of the night while the other occupants of the house-trailer (Bernie Rossiter and Margo Imler) slept. Appellant claimed, however, that Arthur swung a vodka bottle at him, but missed, and that he grabbed a piece of wood and swung it and struck Arthur in the head. Appellant also admitted to Pennsylvania police in an audio taped statement that he struck Arthur with a "stick" after they argued over Margo. Appellant further admitted he previously stated that he "ought to kill" Arthur because of an argument over stolen guns. Margo Imler also testified that the night of the incident, she woke from her drunken stupor at one point to find appellant standing in the house-trailer's living room and informing her that he had "slit [her] buddy's throat". Presumably, appellant referred to Arthur with whom Margo shared the living room couch.

The jury found appellant guilty on both counts of murder. On November 30, 2001, appellant filed a motion for new trial on grounds that the trial court wrongly excluded evidence from the jury and that he was the victim of prosecutorial misconduct. The prosecution filed a memorandum contra. On January 9, 2002, the trial court found that the two murder counts are allied offenses of similar import and that appellant would only be sentenced on one of them and imposed a prison sentence of fifteen years to life.

Exhibit 2 to Return of Writ.  Represented by new counsel, petitioner filed a timely appeal to the

Fourth District Court of Appeals.  He asserted the following assignments of error:

4

> 1. The trial court erred to the prejudice of the defendant in excluding from evidence a proffered out of court declaration against penal interest. This denial impaired the presentation of the defense to such an extent that the defendant was deprived of a fundamentally fair trial.
>
> 2. The trial court erred to the prejudice of the defendant in overruling the defendant's motion for new trial[. T]he overruling of the motion denied to the defendant a fundamentally fair trial.

*Id.* On January 6, 2003, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner never filed an appeal to the Ohio Supreme Court; however, on August 27, 2003, petitioner filed a *pro se* petition for post conviction relief in the trial court. Exhibit 3 to Return of Writ. On October 3, 2003, the trial court denied the petition as untimely. Exhibit 4 to Return of Writ. Petitioner apparently never filed an appeal of the trial court's decision. On September 9, 2003, petitioner filed a motion for bail after conviction in the state trial court. *See* Exhibit 1 to Return of Writ. The trial court denied petitioner's motion for bail on September 12, 2003. Petitioner filed a timely appeal of the trial court's order denying his motion for post conviction bail; however, on January 14, 2004, his appeal was dismissed because he failed to perfect the appeal properly. *See* Exhibits 4 and 5 to Return of Writ. On December 18, 2003, petitioner filed a motion for delayed appeal of the trial court's September 12, 2003, order denying his motion for post conviction bail. On March 4, 2004, the state appellate court dismissed petitioner's motion for delayed appeal. Exhibit 6 to Return of Writ. Petitioner apparently made several attempts to file an appeal to the Ohio Supreme Court, but his filings were returned to him for failure to comply with the Rules of the Ohio Supreme Court. *See Petitioner's Exhibits,* Doc. No. 15. According to the petition, petitioner also has filed a civil action in the Ross County Court of Common Pleas against the State of Ohio on grounds of unlawful arrest and detention, malicious prosecution, and wrongful imprisonment. *Petition*, at 3; *Exhibits to*

5

*Petition*.

On July 12, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1.  Unlawful and unconstitutional arrest and detention without a warrant for my arrest or an indictment against me.

> On October 1, 1999, I was arrested at gunpoint near my campsite in PA while on vacation from Ohio and taken to jail and have never been released since then.  Without a warrant for my arrest or an indictment against me [sic].

> 2.  Coercion.

> At about 11:00 p.m. on the day of my arrest, detectives from the Ross County, Ohio Sheriff's Dept. drove up to the Dauphin, PA prison where I was being held in custody and interrogated me in a little room there.  After I repeatedly told them I didn't know anything about Keith Arthur's death, my free will was overborne and they coerced me into saying what they wanted me to say and signing a waiver of rights without an attorney present.

> 3. Compelled to be a witness against myself at my trial without being read my rights against self incrimination.

> The judge refused to suppress my coerced statement and my attorneys refused to appeal his decision for me.  At my trial I was compelled to take the witness stand against myself without being read my rights against self incrimination or signing a waiver of them as is required by law.  But notwithstanding my coerced statements Keith Arthur was not murdered.  I  have never hit Keith Arthur in my life.

> 4.   Both the grand and trial jury were unlawfully and unconstitutionally impaneled and rigged.

6

> Two murder indictments were issued against me erroneously for the
> same person when no murder was ever committed, and the trial jury
> found me guilty of murder on both murder indictments because the
> State created prejudice against me in both juries by using a 1984 PA
> case where I entered a nolo contendere plea to 5 misdemeanor
> charges, erroneously and unlawfully.

It is the position of the respondent that this action must be dismissed as barred by the one year

statute of limitations under 28 U.S.C. §2244(d).

## IV.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became

effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas

corpus actions.  28 U.S.C. §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court. The limitation period shall run from the
> latest of--
>
> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-

7

> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.

*Id.*

Petitioner's conviction in this case became final on February 20, 2003, forty-five days after the appellate court's January 6, 2003, decision denying petitioner's direct appeal, when the time period expired to file an a timely appeal to the Ohio Supreme Court. *See* Ohio Supreme Court Rule of Practice II, Section 2(A)(1)(a); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). The statute of limitations expired one year later, on February 20, 2004. Petitioner's August 27, 2003, petition for post conviction relief does not toll the running of the statute of limitations since such action was dismissed by the state courts as untimely and therefore was not "properly filed" within the meaning of under 28 U.S.C. §2244(d)(2). *See* Exhibit 4 to Return of Writ; *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). Likewise, this Court concludes that petitioner's September 9, 2003, motion for bail after conviction does not toll the running of statute of limitations under 28 U.S.C. §2244(d)(2), since petitioner's motion for bail did not constitute a state post conviction or collateral action "with respect to the pertinent judgment or claim." 28 U.S.C. §2244(d)(2):

> [A] filing that purports to be an application for State post-conviction
> or other collateral review with respect to the pertinent judgment or
> claim must set forth the grounds upon which it is based, and must
> state the relief desired; it must attack collaterally the relevant
> conviction or sentence.

*Voravongsa v. Wall*, 349 F.3d 1, 6 (1st Cir. 2003)(citation omitted); *see also Colbert v. Head,* unpublished, 146 Fed.Appx. 340 (11th Cir. August 16, 2005)(same).

The phrase "State post-conviction or other collateral review" is not defined within the AEDPA. However, under the plain language of section 2244(d)(2)-"State post-conviction or *other* collateral review" (emphasis added)-the applicable one-year statute of limitations is tolled only for state *collateral,* post-conviction review. *See Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 2127, 150 L.Ed.2d 251 (2001) (noting that "Congress also may have employed the construction 'post-conviction or other collateral' in recognition of the diverse terminology that different States employ to represent the different forms of *collateral* review that are available after a conviction") (emphasis added). This plain language interpretation of the section gives meaning to each and every word of the provision, which a reading of the statute to require tolling during *any* form of review after conviction (collateral or otherwise) would not.

*Walkowiak v. Haines*, 272 F.3d 234, 236-37 (4th Cir. 2001)(holding that motion to reduce sentence did not toll the statute of limitations under 2244(d)(2)); *see also Sibley v. Culliver*, 377 F.3d 1196, 1200-1201 (11th Cir. 2004)(citations omitted).  In  *Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir. 2005), the United States Court of Appeals for the First Circuit held that a "petition for general superintendence of inferior courts pursuant to ch. 211, § 3" did not constitute a state post conviction or other collateral action that tolled the running of the statute of limitations within the meaning of §2244(d)(2).  *Id.*, at 32.  The First Circuit Court of Appeals reasoned:

Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for other collateral review of the judgment or claim. Some fact patterns easily demonstrate this. A *pro se* motion for appointment of state post-conviction counsel is not such an application. *Voravongsa,* 349 F.3d at 7. Nor is a motion to revive an appeal. *Adeline v. Stinson,* 206 F.3d 249, 252 (2d Cir.2000). Nor is an application before a state sentence review panel. *Bridges v. Johnson,* 284 F.3d 1201 (11th Cir.2002).

... [W]e are guided by the Supreme Court's recent decision in *Pace,* 125 S.Ct. at 1812-14. *Pace* held that where a state court, after judicial consideration, ultimately determines that a post-conviction filing is untimely, the filing is not a "properly filed application" for purposes

9

of 28 U.S.C. § 2244(d)(2), despite the clerk's acceptance of the filing. *Id.* at 1814. *Pace* signals that the state court's reasoning in disposing of the filing may be considered by the federal courts in determining whether the application was "properly filed" for purposes of tolling. *Id.* at 1812-13 ("conditions to filing" can include conditions that require state judicial consideration). *Pace* requires us to look beyond the mechanical exercise of filing and engage in case-by-case scrutiny of the state court's disposition of that state filing to determine whether AEDPA's tolling provision applies.

By analogy, we conclude that the state court's reasoning in the disposition of the... petition in this case is also relevant to determining whether the petition qualifies as an application for collateral review of the pertinent judgment.

\*\*\*

In disposing of Rodriguez' ... petition, the single justice held that even if the allegations of conflict by one justice were true, the relief requested was, as a matter of Massachusetts law, irrelevant to the validity of the judgment of conviction, which would stand on a two-to-nothing vote. It therefore cannot reasonably be said that Rodriguez' ... petition is an application for collateral review of the judgment.

*Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir. 2005).  Similarly, here, petitioner's request for post conviction bail did not challenge or otherwise raise any issue contesting the validity of his judgment of conviction.  Further, the state appellate court held that the trial court had no authority to grant petitioner's request for post conviction bail, and denied his motion for delayed appeal as follows:

Movant/appellant was convicted of murder and sentenced to fifteen years to life imprisonment.  We affirmed the conviction....  On September 9, 2003, he filed a motion for postconviction bail in the trial court, which the trial court denied on September 12, 2003. Movant/appellant states he was seeking release on personal recognizance to pursue a civil action in the Ross County Court of Common Pleas.

On December 18, 2003, movant/appellant filed a motion for leave to file a delayed appeal under App.R. 5(A) and a concurrent notice of appeal in the trial court.  We deny the motion for the following reasons.

First, the only reasons he states for filing the late notice of appeal are that he was not advised of 1) his right to appeal, 2) his right to have appellate counsel appointed at state expense, 3) the need to appeal within thirty days.... But.... [s]uch rights only attach to the first appeal of right from the conviction, which movant/appellant has already had.

Second, there is no final appealable order. The only category of final order that might be applicable is an order that affects a substantial right made upon summary application in an action after judgment, R.C. 2505.02(B)(2). However, no substantial right is affected.

There is no constitutional right to bail after conviction.... The only postconviction right to bail is that afforded by the statutes and applicable rules....

R.C. 29953.09(A) permits trial courts to grant bail pending appeal, but R.C. 2953.09(A) prohibits common pleas judges from granting bail after conviction for murder and certain other serious crimes. R.C. 2953.09(C) permits courts of appeals to grant bail in such cases for good cause shown, except in cases of life sentences. Crim.R. 46, the bail rule, now says nothing about postconviction bail in trial courts. Those provisions were removed in 1998. App.R. 8(A) states "[t]he discretionary right of the trial court or the court of appeals to admit a defendant in a criminal action to bail and to suspend the execution of his sentence during the pendency of his appeal shall be as prescribed by law." Thus, Crim.R. 46 states nothing to contradict R.C. 2953.09 and App.R. 8(A) expressly acknowledges it.

Therefore, as movant/appellant has no right to bail even pending appeal, he certainly has no right to bail after the appeal has concluded so he can pursue other matters. Accordingly, no "substantial right" is affected for purposes of R.C. 2505.02(B)(2), and there is no final appealable order.

The motion for leave to file a delayed appeal is DENIED.

Exhibit 6 to Return of Writ. Thus, it also appears that petitioner's motion was not "properly filed" within the meaning of 28 U.S.C. §2244(d)(2). *See Pace v. DiGuglielmo*, *supra.*

Petitioner argues that this action is timely because he still has pending a civil action against the State of Ohio. *See* Doc. No. 11. The Court likewise concludes that any civil action filed by

petitioner does not constitute "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," 28 U.S.C. §2244(d)(2), so as to toll the running of statute of limitations under 28 U.S.C. 2244(d)(2).  *See Myers v. Cain*, unpublished, 2001WL 1218763 (E.D. La. September 28, 2001)(Ancillary civil action did not toll running of statute of limitations under 28 U.S.C. §2244(d)(2)).  Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations.  *See King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Petitioner does assert that he is actually innocent of the charges against him.  *See Petition*; *Traverse*.  Actual innocence may justify equitable tolling of the statute of limitations.

> [W]here an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims.

*Souter v. Jones,* 395 F.3d 577, 602 (6th Cir. 2005).  However, contrary to petitioner's allegations here, the record fails to show any evidence of actual innocence that would justify equitable tolling of the statute of limitations.

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be

12

> credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Id.,* at 589-90 (footnote omitted).  Petitioner has failed to meet this standard here.

Therefore, the Magistrate Judge concludes that the statute of limitations expired on February 20, 2004.  The instant petition was not filed until July 12, 2005.  Petitioner did not sign the petition until December 28, 2004.  Therefore this action is untimely.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

Petitioner's motions for leave to file a supplemental response and supplemental facts in support of his petition, Doc. Nos.11 and 15, are **GRANTED**.  Petitioner's request for the appointment of counsel, Doc. No. 8, is **DENIED**.  Petitioner's request for release from custody, expungement of his record, and monetary damages, Doc. Nos. 13, 14 and 16 are **DENIED**.

**IT IS SO ORDERED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the

magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge